UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE JONES, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 13-cv-2651 |
| COOK COUNTY, ILLINOIS; THOMAS J. DART, in his official capacity as Sheriff of Cook County; ALEX LOCASICO; MICHAEL SEROPIAN; OSCAR SANCHEZ; THOMAS DOUGHERTY; JOHN DOE #1; and JOHN DOE #2 | ) ) Judge John W. Darrah ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff George Jones, Jr. has filed a six-count Second Amended Complaint ("SAC") alleging two claims of false arrest (Counts I and II) and one claim of conspiracy (Count III) against Cook County, Illinois, Thomas J. Dart, Alex Locasico, Michael Seropian, Oscar Sanchez, Thomas Dougherty, John Doe #1 and John Doe #2 (collectively, "Defendants"); excessive force (Count IV) against Cook County, Dart, Locasico, Seropian, and Doe #1; excessive force (Count V) against Cook County, Dart, Sanchez, Seropian, Dougherty, and Doe #2; and indemnity (Count VI) against Cook County and Dart. Defendants have moved to dismiss Counts I, II, and III,[1] dismiss Dart as a defendant on all counts, and dismiss Cook County from any claims that do not relate to indemnity. For the reasons provided below, Defendants' Motion to Dismiss [52] is granted.

---

[1] The Introduction and Conclusion of Defendants' Motion, as well as the Conclusion of Defendants' Reply, also move to dismiss Count IV. (Defs.' Mot. to Dismiss at 1, 13; Defs.' Reply at 8.) However, beyond these passing references, Defendants present no argument to support the dismissal of Count IV.

**BACKGROUND**

For purposes of a motion to dismiss, the following allegations within Jones's SAC are accepted as true. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 761-62 (7th Cir. 2010.) Jones is currently an inmate of the Menard Correctional Center, located in Menard, Illinois. (SAC ¶ 3.) At all times relevant to this action, Defendants Locasico, Seropian, Dougherty, Sanchez, John Doe #1, and John Doe #2 (collectively, "Defendant Officers") were correctional officers at the Cook County Jail and Thomas Dart was their employer as the Cook County Sheriff. (SAC ¶¶ 4-5.)

On August 31, 2011, the Defendant Officers escorted Jones from Stateville Correctional Center to a courthouse in Chicago for a hearing. (SAC ¶¶ 7-8.) Upon entering the receiving area, Jones was tackled by Locasico, Seropian, and Doe #1. (SAC ¶ 9.) After Jones yelled for help when his head hit the concrete, Locasico said to Seropian and Doe #1, "this bitch just spit in my face." (SAC ¶¶ 10-12.) Upon hearing this, Seropian began to kick Jones in his face, and Doe #1 began to kick Jones in his side. (SAC ¶ 13.) Locasico lifted Jones up and began to choke him from behind, while Seropian punched Jones in the stomach and said, "[W]e got you now." (SAC ¶¶ 14-15.) At this point, another correctional officer told Seropian, "[T]hat is enough; we have to take him to court." (SAC ¶ 16.) Seropian said to Jones, "[D]on't worry, we will get you[.] I'll catch you." (SAC ¶ 17.)

On September 2, 2011, Sanchez was escorting Jones to court when Seropian appeared and asked Jones, "[D]idn't I tell you that I would catch you[?]" (SAC ¶¶ 21-25.) Seropian struck Jones in the face, causing Jones to fall to the ground, where Seropian and Sanchez began to kick Jones. (SAC ¶¶ 26-27.) Soon after, Dougherty and Doe # 2 joined the attack and began to kick Jones in his face and back; Doe #2 also sprayed Jones with mace. (SAC ¶¶ 28-30.)

Jones was taken to an area of the jail where pictures were taken of his bleeding and swollen face. (SAC ¶ 31.) Jones was eventually transported by ambulance to John Stroger Hospital, where it was discovered he suffered blunt force trauma to his head. (SAC ¶ 33.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When ruling on a motion to dismiss, the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

## ANALYSIS

As a preliminary matter, Jones concedes that he pled guilty to aggravated battery of a peace officer in regard to both the events of August 31, 2011, and those of September 2, 2011. The parties agree that this precludes Jones from prevailing on either claim of false arrest. Accordingly, Counts I and II of the SAC are dismissed. Defendants' remaining arguments are taken in turn.

3

*Conspiracy*

Defendants assert that Jones has failed to properly allege conspiracy. (Dkt. No. 52 at 9.) In support of this assertion, Defendants rely on *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 859-60 (7th Cir. 1999), arguing that the allegations lack "the terms of the agreement, when the agreement was formed, and what the respective roles of the parties were." (Dkt. No. 52 at 9.) This overstates what is required of Jones. Indeed, "it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Jones has sufficiently pled the parties involved and the approximate date. However, Jones has not properly alleged the general purpose of the conspiracy.

The SAC alleges only that the Defendants "conspired among and between themselves to deprive [Jones] of his rights" under the Fourth and Fourteenth Amendments. (SAC ¶ 61.) Defendants argue that no particular constitutional harm has been alleged. (Dkt. No. 56 at 6.) Jones, in his brief in response to the Motion to Dismiss, asserts that "the purpose of the conspiracy was to beat [Jones]." (Dkt. No. 55 at 7.) It is true that "an excessive force in arrest claim is quintessentially a Fourth Amendment claim," *Lester v. City of Chi.*, 830 F.2d 706, 713 (7th Cir. 1987), but this does not amend the SAC. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). The SAC alleges that Defendants:

> agreed to provide false testimony and to falsify police reports in order to initiate and maintain the prosecutions of [Jones], to intimidate [Jones] from the exercise of his rights, and to retaliate against [Jones] for exercising his rights.

(SAC ¶ 52.) Nothing in this allegation gives Defendants notice of an alleged conspiracy to beat Jones. In fact, this allegation could more closely be related to the already conceded claims of

4

false arrest. Jones's failure to sufficiently allege the general purpose of the conspiracy leaves Defendants without notice, and Count III must be dismissed.

*Monell Claim*

Defendants also argue that Dart has been named in his official capacity as Sheriff of Cook County, Illinois, and, therefore, may only be liable pursuant to *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). Jones concedes this point by arguing only that a *Monell* claim has been sufficiently alleged.

A *Monell* claim allows for local government liability when the injuries alleged are not caused "solely by its employees or agents," but in the execution of the government's "policy or custom." *Id.* at 694. To survive a motion to dismiss, Jones must "plead factual content that allows the court to draw the reasonable inference that the City maintained a policy, custom, or practice" of violence against inmates. *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (internal quotation marks and citations omitted). The entirety of Jones's alleged "factual content" reads:

> In his official capacity, Defendant Dart is aware of the longstanding[] custom, pattern and practice in Cook County Jail of officer inflicted violence. These conditions have been publicly reported and documented numerous times over the past half century.

(SAC ¶ 37.) The first sentence is merely a legal conclusion and does not lend plausibility to Jones's Complaint. Moreover, the *Monell* standard established by *McCauley* and set out above requires facts that show Dart *maintained* a practice, not simply was *aware* of one. The second sentence has no reference, making it impossible to infer any particular policy, custom, or practice. Therefore, a *Monell* claim has not been sufficiently pled and Dart must be dismissed as a defendant.

5

*Cook County Claims*

Finally, Defendants argue that any claim not related to indemnity brought against Cook County must be dismissed because, as with Dart, Jones has not properly alleged a *Monell* claim. Indeed, the SAC does not contain a single fact alleging that Cook County maintained a common policy, custom, or practice. Rather, Jones argues for the first time in his response to the Motion to Dismiss that Cook County "allows the sadistic and violent use of force to persist at the Jail by failing to provide sufficient resources to insure adequate training, investigation, oversight and accountability of the Cook County Jail staff." (Dkt. No. 55 at 10.) Whether this allegation is plausible is irrelevant at this stage because it was not alleged in the SAC. As a result, it must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [52] is granted. Counts I and II of the SAC are dismissed with prejudice. Count III is dismissed without prejudice as to all Defendants. All Counts directed to Dart are dismissed without prejudice. To the extent that any Count states a claim against Cook County other than indemnity, those Counts are dismissed without prejudice. Jones may file a third amended complaint, if he can do so in a manner consistent with this Opinion and Rule 11, within thirty days of the issuance of this Order.

Date:  _____10/14/2014_____  _____
JOHN W. DARRAH
United States District Court Judge